W. C. Niven v. Prudential Properties, Inc.

159 So. 866.
Opinion Filed November 13, 1934.
On Rehearing January 15, 1935.

*Maguire & Voorhis,* for Plaintiff in Error;

*O. Raymond Ellars,* for Defendant in Error.

PER CURIAM.—The disposition of this case in the Supreme Court depends upon whether or not the evidence at trial in the court below was sufficient to sustain the verdict and judgment.

The suit was an action in replevin. The defendant claimed right to possession of the property, which was a certain lot of furniture, by reason of the fact that he was assignee of the rights of a mortgagee who went into possession of the property with the knowledge and assent of the owner and he held the property to secure the payment in part of the mortgage lien, which mortgage was in the form of a bill of sale that his assignor was in possession of the property for a number of years prior to the assignment of his lien and that defendant was in possession of the property when the plaintiff in replevin was alleged to have acquired title to the property.

The evidence is conflicting. But, there is substantial evidence to support the verdict and judgment and, therefore, this Court should not assume to reverse the same.

The judgment should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

## ON REHEARING.

PER CURIAM.—This case is before us for consideration after reargument on rehearing granted pursuant to an opinion and judgment filed November 13, 1934.

In addition to what was said in our previous opinion we will make observation in regard to the verdict in this case.

As stated in the original opinion, this was a replevin suit. The verdict was as follows:

"We, the jury, find the defendant is entitled to the possession of the property in issue by virtue of its mortgage lien, and assess the value of the property at $2,655.00."

The statute, Section 5348 C. G. L., being Section 1 of Chapter 9320, Acts of 1923, is as follows:

"Judgment where right of possession is based upon claim of lien or special interest.—In all actions of replevin where the right of possession of the prevailing party in the suit, whether plaintiff or defendant, is based upon a claim of lien or some special interest in the property replevined, and such property at the time of entering judgment is in the possession of the adverse party, when the judgment shall be entered for the possession of the property and against the adverse party and his sureties only for the amount of the lien or the value of such special interest duly established and costs. And the prevaling party shall have the same right of election as provided in Section 5346, Paragraph 2."

We think the verdict in this case substantially complies with the provisions of the statute and that there was substantial evidence to support the verdict and in this connection we observe that the form of the verdict was not objected to at the time it was presented to the court and before the jury was discharged.

We now adhere to the judgment heretofore entered on November 13, 1934, affirming the judgment to which the writ of error is addressed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—My understanding of the facts of this case is somewhat different from that of the majority. My view is that the bill of sale was merely a mortgage, and that the question presented is whether a mortgagee of personal property, to whom possession is not clearly shown to have been surrendered by the mortgagor, is entitled to the possession thereof as against mortgagor, or his vendee. The jury seem to have concluded that the defendant was entitled to possession by reason of its mortgage lien alone, but under the law the mortgage was a mere lien, and, unless the mortgagor had surrendered his possession to the mortgagee, the mortgagor had the right of possession. I do not think Section 5348 C. G. L. applies to mortgage liens; hence the verdict was, in form, defective, even if the evidence be construed to show a surrender of possession by the mortgagor to the mortgagee.